UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GREGORY L. BEEKS,

    Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

    Defendant.

Case No. C09-5598 RBL

ORDER ADOPTING REPORT AND RECOMMENDATION

    The Magistrate Judge recommends that the Court should conclude that Gregory L. Beeks was properly denied social security benefits because application of the proper legal standard and substantial evidence support the Administrative Law Judge's (ALJ) finding that Plaintiff is not disabled. Plaintiff has filed objections to the Report and Recommendation.

    The Plaintiffs objections to the Report and Recommendation are primarily restatements of his previous arguments. These are: (1) the ALJ failed to properly consider whether Plaintiffs' impairments met or equaled Listing 12.05C of the listed impairments, (2) the ALJ erroneously rejected the opinions of Plaintiff's treating and examining medical providers, (3) the ALJ erred when he rejected Plaintiff's subjective complaints (credibility finding), and (4) the ALJ properly relied upon the vocational expert's testimony. The Court is not persuaded by Plaintiff's argument.

ORDER - 1

**Mental Impairments and Listing 12.05C.**

As detailed in the Report and Recommendation, Plaintiff alleges Dr. Alvord's mental evaluation, performed in February 2008 after the administrative hearing, provides evidence that his mental condition meets or equals Listing 12.05C (mental retardation), and the ALJ failed to address this evidence.

Listing 12.05C provides for a disability finding if Plaintiff is found to have a mental retardation impairment. The impairment must meet the diagnostic description of significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22, and the Plaintiff must exhibit a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

Although Dr. Alvord assessed a full scale IQ score of 68, Dr. Alvord did not diagnose mental retardation or make any findings as to whether Plaintiff's condition meet or equaled the 12.05C listing. Dr. Alvord found plaintiff's mental impairment was due to bipolar disorder, anxiety disorder and polysubstance abuse. There was no medical evidence provided to the ALJ, to support the allegation that plaintiff was mentally retarded prior to the age of twenty-two.

An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001). There was no allegation, nor medical evidence, creating an ambiguity, or the need for additional evidence, as to whether Plaintiff was disabled pursuant to a mental retardation finding. Accordingly, this Court finds no error in the ALJ's analysis of Plaintiff's mental condition.

**Evaluation of Medical Evidence**

Plaintiff argues that the ALJ erred in providing invalid and erroneous reasoning for rejection

ORDER - 2

the opinions of Dr. Alvord,  Dr. Krebs, Dr. Ferber, and Dr. Roffe.  The Court is unpersuaded. It was clear to the Magistrate Judge, and to this Court, that the ALJ reviewed the medical evidence in light of Plaintiff's credibility and reported daily activities.  The ALJ provided specific and legitimate reasons for discounting the medial opinions that were inconsistent with his review of the record as a whole.  Accordingly, the Magistrate Judge properly found that the ALJ properly evaluated the medical opinion evidence.

**Credibility Determination**

Plaintiff contends that the ALJ's credibility determination is unsupported by the evidence. The Court rejects this argument.  As addressed in the Report and Recommendation, the ALJ's credibility findings are explained in detail and supported by the record.

**Vocational Expert Testimony**

Plaintiff asserts that the ALJ committed legal error by using an incomplete hypothetical that did not accurately reflect all of the claimant's limitations.  The Magistrate Judge rejected this argument, as does the Court.  As explained in the Report and Recommendation, the hypothetical posed to the vocational expert properly excluded limitations that had been rejected by the ALJ.

**Conclusion**

The Court, having reviewed Plaintiff's complaint, the Report and Recommendation of Judge J. Richard Creatura, United States Magistrate Judge, objections to the report and recommendation, and the remaining record, does hereby find and **ORDER:**

(1)     The Court adopts the Report and Recommendation;

(2)     The administrative decision is **AFFIRMED**

DATED this 3rd day of September, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 3